a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| CLIFFORD EARL DAVIS,<br>Petitioner | CIVIL DOCKET NO. 1:19-CV-1513-P |
| VERSUS | JUDGE DRELL |
| WARDEN,<br>Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1) filed by *pro se* Petitioner Clifford Earl Davis ("Davis") (#15807-179). Davis is an inmate in the custody of the Federal Bureau of Prisons ("BOP") incarcerated at the United States Penitentiary in Pollock, Louisiana. Davis challenges his conviction and sentence under 28 U.S.C. § 924(c).

Because Davis cannot meet the requirements of the savings clause of 28 U.S.C. § 2255, his Petition (ECF No. 1) should be DISMISSED for lack of jurisdiction.

## I. Background

Davis pleaded guilty to four counts of bank robbery under 18 U.S.C. §§ 2113 (a) and (d), and one count of using, carrying, brandishing, and discharging a firearm during and in relation to a crime of violence under § 924(c)(1)(A)(iii). *United States v. Davis*, No. 02-CR-375, S.D. Tex., ECF No. 65. He was sentenced to a term of 240 months of imprisonment. *Id.*

Davis filed a motion to vacate his conviction under § 2255, which was denied as untimely. *Id.* at ECF No. 102.

Davis filed a motion for authorization to file a successive § 2255 motion in the United States Court of Appeals for the Fifth Circuit. *In re: Clifford Earl Davis*, No. 19-20502, 5th Cir.; ECF No. 00515057892. Davis asserted that his "guilty plea was involuntarily entered because he was not advised by his counsel, the government, or the district court that his offense using a firearm during a bank robbery was not a COV under 18 U.S.C. § 924." *Id.* Relying on *United States v. Davis*, 139 S. Ct. 2319, 2336 (2019), and *Sessions v. Dimaya*, 138 S.Ct. 1204 (2018), Davis claimed that he was innocent. *Id.*

> In denying Davis's motion for authorization, the Fifth Circuit stated:

> A second or successive § 2255 motion must be certified by this court, under 28 U.S.C. § 2244, to contain either "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense" or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." § 2255(h); *see* § 2244(b)(3). This court may authorize the filing of a successive § 2255 motion only if it determines that the movant has made a *prima facie* showing that the motion satisfies the applicable requirements. § 2244(b)(3)(C); *see also Reyes-Requena v. United States*, 243 F.3d 893, 897−99 (5th Cir. 2001).

*Id.* The Fifth Circuit found that *Davis* and *Dimaya* were not applicable because federal bank robbery is a crime of violence under the elements clause of § 924(c)(3)(A) rather than the unconstitutional residual clause. *Id.*

Davis filed another motion for authorization on the same grounds, which the Fifth Circuit also denied. In re: *Clifford Earl Davis*, No. 19-20539, 5th Cir.; ECF No. 00515102401.

In his § 2241 Petition, Davis raises the same claim presented in his motions for authorization.   ECF No. 1.

## II.    Law and Analysis

A federal prisoner may challenge his sentence under either §§ 2241 or 2255. Though closely related, these two provisions are "distinct mechanisms for seeking post-conviction relief." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000).

A § 2241 petition may be filed by a prisoner challenging the manner in which his sentence is being executed.  *See Reyes–Requena v. U.S.*, 243 F.3d 893, 900–01 (5th Cir. 2001) (citing *Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000)).  In contrast, a § 2255 motion should be used to vacate, set aside, or correct a sentence based on errors that occurred at or prior to sentencing.  *See Cox v. Warden, Federal Detention Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990) (citing *United States v. Flores*, 616 F.2d 840, 842 (5th Cir. 1980)).  Because Davis previously filed a § 2255 motion, he cannot file another without authorization from the Fifth Circuit.  This authorization has been denied twice.

Section 2255 contains a "savings clause" provision, which is a limited exception to the rule that a § 2241 petition may not be used to challenge the validity of a federal sentence and conviction.  *See Pack*, 218 F.3d at 452.  The clause allows a prisoner to rely on § 2241 if the remedy available under § 2255 would be "inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255(e).  The petitioner bears the burden of affirmatively proving the inadequacy of § 2255.  *See McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979).

To satisfy the savings clause of § 2255, a petitioner must demonstrate that: (1) his claim is based on a retroactively applicable Supreme Court decision; (2) the Supreme Court decision establishes that he was "actually innocent" of the charges against him because the decision decriminalized the conduct for which he was convicted; and (3) his claim would have been foreclosed by existing circuit precedent had he raised it at trial, on direct appeal, or in his original § 2255 petition. *See Reyes–Requena*, 243 F.3d at 904.

Davis argues that his conviction is unconstitutional because *Davis* held that the residual clause of the crime of violence definition in § 924(c)(3)(B) is unconstitutionally vague.  However, as the Fifth Circuit concluded in denying Davis's requests to file a second or successive § 2255 motion, Davis's predicate crime of violence was bank robbery under § 2113(a), which qualifies as a crime of violence under the elements clause of § 924, and does not fall under the unconstitutional residual clause.  Thus, Davis does not have a claim for relief under *Davis,* and cannot satisfy the savings clause in order to proceed under § 2241.

Moreover, an unsuccessful attempt to receive authorization to file a successive § 2255 motion does not entitle Davis to proceed with the same claim in a § 2241 petition.  *See Kinder v. Purdy*, 222 F.3d 209, 213 (relief is not available in a § 2241 petition under the savings clause based on petitioner being barred from filing a § 2255 motion).

## III.   Conclusion

Because Davis cannot meet the requirements of the savings clause of § 2255(e), the Petition (ECF No. 1) should be DISMISSED for lack of jurisdiction, WITH PREJUDICE as to the jurisdictional issue, and WITHOUT PREJUDICE as to the merits of Davis's claim.[1]

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), any party may serve and file with the Clerk of Court written objections to this Report and Recommendation within fourteen (14) days after being served with a copy thereof, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  No other briefs (such as supplemental objections or reply briefs) may be filed, unless a party shows good cause and obtains leave of court.  The District Judge will consider timely objections before issuing a final ruling.

A party's failure to file written objections to the proposed factual findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days after being served with a copy thereof, or within any extension of time granted by the Court under Fed.R.Civ.P. 6(b), shall bar that party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

---

[1] *Pack v. Yusuff*, 218 F.3d 448, 454 (5th Cir. 2000) ("Because the district court did not rule on the merits of Pack's claim, his petition should be dismissed with prejudice regarding the jurisdictional issue only, and dismissed *without prejudice* regarding all other issues."); *Reed v. Young*, 471 Fed. Appx. 284, 285 (5th Cir. 2012) (unpublished) (because the district court lacked jurisdiction, its judgment should reflect that the dismissal was with prejudice as to the jurisdictional issue, and without prejudice as to the merits of Reed's claim).

THUS DONE AND SIGNED in Alexandria, Louisiana, on this  24th  day of

January 2020.

_____

JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE